# IN THE COURT OF APPEALS OF IOWA

No. 16-0824
Filed August 2, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JOHN WALTER MULDER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Sioux County, Steven J. Andreasen, Judge.

John Mulder appeals the order resentencing him for a crime he committed as a juvenile. **AFFIRMED.**

Jared R. Weber, Orange City, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

John Mulder was fourteen years old when he shot and killed Jean Homan while she was asleep in her bedroom. A jury convicted him of first-degree murder, and he was sentenced to life in prison without the possibility of parole. Three decades later, Governor Brandstad commuted the sentences of juvenile offenders to life in prison with parole eligibility after sixty years. Mulder moved for resentencing, and after holding an individualized sentencing hearing, the district court imposed a sentence of life in prison with parole eligibility in forty-two years.

On appeal, Mulder contends the requirement that he serve forty-two years of his sentence before parole eligibility violates the Iowa Constitution because it "is the equivalent of a life sentence with no parole [and] no meaningful or realistic opportunity for release." He makes the blanket argument that any minimum period of incarceration violates the Iowa Constitution's prohibition against cruel and unusual punishment. Our supreme court recently rejected this claim in *State v. Roby*, ___ N.W.2d ___, ___, 2017 WL 2610616, at *10 (Iowa 2017), holding the Iowa Constitution does not prohibit imposing mandatory minimum terms of incarceration on juveniles. We likewise reject Mulder's claim.

Mulder also contends the district court's sentence is illegal because the court failed to consider and weigh the mitigating factors set forth in *State v. Lyle*, 854 N.W.2d 378, 404 n.10 (Iowa 2014).[1] These factors include:

---

[1] Mulder also argues the court considered evidence that was improperly introduced at the resentencing hearing. He concedes his trial counsel made no objection to the introduction of the evidence he complains of and argues his counsel rendered ineffective assistance in that regard. We reject his claims outright. Although he claims that one of the victim impact statements improperly included several quotes from a confidential psychology report, he cites no authority supporting his argument that this information was improper.

(1) the age of the offender and the features of youthful behavior, such as "immaturity, impetuosity, and failure to appreciate risks and consequences"; (2) the particular "family and home environment" that surround the youth; (3) the circumstances of the particular crime and all circumstances relating to youth that may have played a role in the commission of the crime; (4) the challenges for youthful offenders in navigating through the criminal process; and (5) the possibility of rehabilitation and the capacity for change.

*Lyle*, 854 N.W.2d at 404 n.10 (citations omitted).

In resentencing Mulder, the district court noted it was required to give specific consideration to several factors because of Mulder's status as a juvenile offender:

The first factor is the prior pronouncement that sentencing a juvenile to life in prison without the possibility of parole should be rare and uncommon.

Second, the court must recognize that "children are constitutionally different from adults." This is a consideration of a juvenile's lack of maturity, underdeveloped sense of responsibility, vulnerability to peer pressure, and the less fixed nature of a juvenile's character and how that impacts the ability to be rehabilitated.

The court must also take into account any information in the record regarding the defendant's family and home environment such as any information concerning abuse, parental neglect, personal or family drug or alcohol abuse, prior exposure to violence, lack of parental supervision, lack of an adequate education, and a juvenile susceptibility to psychological or emotional damage.

The court must also and does consider the circumstances of the offense itself, the extent of the defendant's participation and the

---

Mulder also complains the court permitted multiple victim impact statements from individuals who were not immediate family members of Jean Homan. He claims only immediate family members may provide victim impact statements, citing the portion of Iowa Code section 915.10(3) that defines a victim as also including "the immediate family members of a victim who died or was rendered incompetent as a result of the offense or who was under eighteen years of age at the time of the offense." However, the first part of this section defines a victim as "a person who has suffered physical, emotional, or financial harm as the result of a public offense or a delinquent act, other than a simple misdemeanor, committed in this state." See Iowa Code § 915.10(3). Because nothing in chapter 915 limits victim impact statements to immediate family members, we reject his argument.

> conduct, and the way any familial or peer pressures may have affected him.
>
> As noted before, the court must also consider that juveniles are more capable of change than are adults. Their actions are less likely to be evidence of irretrievably depraved character.

The court stated it had "considered all of those factors in determining a sentence in this matter."

Before pronouncing sentence, the district court noted it gave particular consideration to several factors in the record "that would weigh in favor of [Mulder] having the immediate eligibility for parole." Specifically, the court cited Mulder's behavior during his thirty-seven years of incarceration, noting the absence of violent incidents, "relatively little or no violations or reports of misconduct" during the past fifteen years, and a favorable employment record that included being placed in "trust type of positions within the department of corrections" and "speak[ing] to youth about the consequences of criminal behavior." The court considered Mulder's family and home environment, noting that it "played a role in his development as a youth." It further noted the lack of rehabilitative services Mulder received prior to committing the murder, classifying his prior delinquent acts as "going towards his youth and those factors of his youth." Finally, the court determined that "some of those psychological red flags that existed when he was younger and at the time of this crime appear to have diminished." The court then turned its attention to the factors it considered that weighed against immediate parole eligibility, which included: (1) the nature, facts, and circumstances of the crime; (2) the impact the crime had on Homan's family; and (3) Mulder's attempt to escape from prison by digging a tunnel, which was not a crime of opportunity but was "planned out over a course of time" and

occurred when Mulder was thirty-seven years old. The record shows the court appropriately considered the *Lyle* factors.

The court resentenced Mulder to life in prison with parole eligibility in forty-two years. Although Mulder complains that the record "does not support a determination that [he] is incapable of rehabilitation for a minimum of 42 years," we are unable to conclude on the record before us that the district court abused its discretion in imposing this sentence. *See Roby*, ___ N.W.2d at ___, 2017 WL 2610616, at *5-6 (noting we review a sentence for an abuse of discretion where the district court "follows the sentencing procedure we have identified and a statute authorizes the sentence ultimately imposed" while clarifying that this standard "is not forgiving of a deficiency in the constitutional right to a reasoned sentencing decision based on a proper hearing"). Accordingly, we affirm.

**AFFIRMED.**